IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| MARIELL CHAVEZ | § | |
| *Plaintiff*, | § | |
| v. | § | |
| | § | C.A. NO.: 6:21-cv-00327 |
| NEW PRIME, INC. and | § | |
| IMANI WEBSTER | § | |
| *Defendants* | § | |

## INDEX OF STATE COURT DOCUMENTS

| TAB | DOCUMENT | DATE |
|---|---|---|
| 1 | Plaintiff's Original Petition | February 23, 2021 |
| 2 | Citation issued to Imani Webster | February 25, 2021 |
| 3 | Defendants' Original Answer | March 26, 2021 |

*The index will be supplemented upon receipt of the state court's complete file.

FILED
MCLENNAN COUNTY
2/23/2021 5:35 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Madkins

CAUSE NO. 2021-438-4

| | | |
|---|---|---|
| MARIELL CHAVEZ,<br>*PLAINTIFF* | §<br>§<br>§ | IN THE DISTRICT COURT |
| VS. | §<br>§ | |
| NEW PRIME, INC., and IMANI WEBSTER,<br>*DEFENDANTS* | §<br>§<br>§<br>§<br>§ | 170TH JUDICIAL DISTRICT<br><br>MCLENNAN COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, MARIELL CHAVEZ, Plaintiff herein, and complains of NEW PRIME, INC. and IMANI WEBSTER, hereinafter referred to by name or as Defendants in this Plaintiff's Original Petition, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intents that discovery be conducted under Level 3 Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff seeks monetary relief over $1,000,000.00.

## II.
## PARTIES

2. Plaintiff **MARIELL CHAVEZ** resides in Selma, Texas.

3. Defendant **NEW PRIME, INC.** ("New Prime") is a Nebraska corporation with its principal place of business located in Springfield, Missouri. It may be served with process by serving its registered agent Incorp Services, Inc. at 815 Brazos, Suite 500, Austin, Texas 78701.

*TAB 1*

4. Defendant **IMANI WEBSTER** ("Webster") is a resident of Lafayette, Louisiana and may be served with process at her residence located at 1708 12th Street, Lafayette, Louisiana 70501.

## III.
## JURISDICTION AND VENUE

5. Venue in McLennan County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is the county where a substantial part of the events giving rise to claim occurred.

6. Pursuant to Tex. R. Civ. P. 47, this is a cause of action that exceeds $1,000,000.00 in damages and is within the Court's jurisdictional limits.

## IV.
## FACTS

7. On or about January 16, 2020, Defendant Webster was driving a 2020 purple Freightliner and trailer East on US HWY 84 in Bellmead, Texas. Unfortunately, Defendant Webster failed to control her vehicle and violently rear-ended Mariell Chavez, as a result, Mariell Chavez suffered severe and permanent injuries that will likely plague her for the rest of her life.

8. The occurrence made the basis of this suit, reflected above, and the resulting injuries and damages were proximately caused by the negligent conduct of the Defendants.

## V.
## NEGLIGENCE AND NEGLIGENCE PER SE

9. The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, were proximately caused by the negligent/negligent per se conduct of Defendants.

10. Defendant Webster operated the vehicle she was driving in a negligent manner because she violated the duty which she owed Plaintiff to exercise ordinary care in the operation of her motor vehicle in one or more of the following respects:

    a. in failing to control her speed;

    b. in failing to maintain control of her vehicle;

    c. in traveling at an unsafe rate of speed;

    d. in failing to keep a proper lookout or such lookout which a person of ordinary prudence would have maintained under same or similar circumstances;

    e. in failing to timely apply the brakes to avoid colliding with the rear of Plaintiff's vehicle;

    f. in driving a vehicle inattentively;

    g. in driving distracted due to a mobile phone, radio, other electronic device or unknown distraction;

    h. in failing to maintain control of his vehicle; and

    i. in following too closely to Plaintiff's vehicle.

11.   Negligence per se tort claims are established when a plaintiff shows that a defendant violates a statute or ordinance setting an applicable standard of care if the statute is designed to prevent an injury to that class of persons to which the injured party belongs. In that regard, Defendant Webster's conduct constitutes negligence per se because he failed to exercise the mandatory standard of care set forth in the Texas Transportation Code, specifically:

    a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances in violation of TEXAS TRANSPORTATION CODE 545.401;

    b. in following another vehicle too closely in violation of TEXAS TRANSPORTATION CODE 545.062;

    c. in failing to control the speed of her vehicle in violation of TEXAS TRANSPORTATION CODE 545.351;

    d. in driving distracted while using her mobile phone or other wireless communication device in violation of TEXAS TRANSPORTATION CODE 545.4251;

    e. in driving distracted while using her mobile phone or other wireless communication device in violation of TEXAS TRANSPORTATION CODE 545.4251; and

    f. in driving in a willful or wanton disregard for the safety of persons or property in violation of TEXAS TRANSPORTATION CODE 545.401(a).

12.   New Prime is negligent under the theory of *respondeat superior* in that Defendant Webster, was acting within the course and scope of his employment with New Prime at the time the incident occurred.

13.   In addition, New Prime was negligent in one or more of the following aspects:

    a. negligent hiring;

    b. negligent entrustment;

    c. negligent driver qualifications;

    d. negligent training, supervision and monitoring;

    e. negligent retention;

    f. negligent management;

    g. negligent contracting; and

    h. negligent maintenance.

14.   The above referenced acts and omissions of Defendants were the sole proximate cause of the injuries and damages sustained by Plaintiff, and which will likely haunt Plaintiff for the rest of his life.

## VI.
## GROSS NEGLIGENCE

15.   The above-referenced acts and omissions by Defendants were more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk,

considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others similarly situated. Accordingly, Defendants' conduct constitutes gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Therefore, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VII.
## EXEMPLARY DAMAGES

16. The above-referenced acts and/or omissions by Defendants constitute malice and gross negligence as those terms are defined in Sections 41.001(7) and (11) of the Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and/or cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

17. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

18. Defendants had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

19. Each of the above acts and/or omissions whether taken singularly or in any combination constitute negligence and gross negligence which proximately caused the collision

and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future if not for the remainder of her natural life.

20. Therefore, for such malice and/or gross negligence on behalf of Defendants, Plaintiff sues for exemplary damages in an amount to be determined at trial.

## VII.
## DAMAGES – MARIELL CHAVEZ

21. As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff, MARIELL CHAVEZ, suffered severe bodily injuries mental stress and anguish, and diminution and impairment of activities of daily living. The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life. These specific injuries and their ill effects have, in turn, caused the Plaintiff's physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of her injuries, Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

22. Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, MARIELL CHAVEZ, was caused to incur the following damages:

   a. Reasonable medical care and expenses in the past. Plaintiff, MARIELL CHAVEZ, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in county they were incurred;
   b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

    c. Physical pain and suffering in the past;
    d. Physical pain and suffering, which will, in all reasonable probability be suffered in the future;
    e. Physical impairment in the past;
    f. Physical impairment, which will, in all reasonable probability be suffered in the future;
    g. Physical disfigurement in the past;
    h. Physical disfigurement in the future;
    i. Loss of wages in the past;
    j. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;
    k. Mental anguish in the past; and
    l. Mental anguish which will, in all reasonable probability be suffered in the future;
    m. Prejudgment interest;
    n. Post judgment interest;
    o. Exemplary damages; and
    p. For all other relief to which Plaintiff maybe justly entitled at law or in equity.

## VIII.
## INTEREST

23. Plaintiff seeks pre-judgment and post-judgement interest at the maximum legal rate.

## IX.
## RULE 193.7 NOTICE

24. Pursuant to Rule 193.7 TEXAS RULES OF CIVIL PROCEDURE, Plaintiff herby gives actual notice to Defendants that any and all documents produced by any and all Defendants in response to written discovery may be used against the party producing the documents at any pre-trial proceeding and/or at the jury trial of this matter without the necessity of authenticating the documents.

## X.
## JURY DEMAND

25. Plaintiff requests a trial by jury for all issues of fact and the jury fee has been paid.

## XI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants be cited to appear and answer and, upon final hearing of the cause, that judgment be entered for Plaintiff against Defendants for actual damaged as alleged and exemplary damages, together with pre-judgment and post-judgment interest at the maximum legal rate, costs of the court, and such other relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THOMAS J. HENRY **INJURY ATTORNEYS**
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78269
Tel. (210) 656-1000
Fax. (877) 513-1359

By: /s/ *David L. Jones*
David L. Jones
State Bar No. 24002370
djones-svc@thomasjhenrylaw.com*
***Counsel for Plaintiff***
*Service by email to this email address only

## NON-RESIDENT CITATION

PAPER# 2
PRIVATE PROCESS

THE STATE OF TEXAS

Cause No: 2021-438-4

TO: IMANI WEBSTER, DEFENDANT – 1708 12TH STREET, LAFAYETTE, LOUISIANA 70501

GREETINGS:

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

MARIELL CHAVEZ                                                                                     Plaintiff

VS.

NEW PRIME, INC., A NEBRASKA CORPORATION AND IMANI WEBSTER      Defendants

Court: 170TH JUDICIAL DISTRICT
Pleading: PLAINTIFF'S ORIGINAL PETITION
Pleading File Date: FEBRUARY 23, 2021
Cause No: 2021-438-4

*NOTICE*

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. Theses disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **FEBRUARY 25, 2021.**

DAVID L. JONES
5711 UNIVERSITY HEIGHTS BLVD
SUITE 101
SAN ANTONIO, TEXAS 78269
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701

By: _Nichelle Maddison_, Deputy
NICHELLE MADDISON

TAB 2



Case 6:21-cv-00327-ADA-JCM Document 1-3 Filed 04/05/21 Page 1 of 15

FILED
MCLENNAN COUNTY
3/26/2021 11:10 AM
JON R. GIMBLE
DISTRICT CLERK
Rosa Perez

CAUSE NO.: 2021-438-4

| | | |
|---|---|---|
| MARIELL CHAVEZ, § | | IN THE DISTRICT COURT OF |
|     Plaintiff, § | | |
| § | | |
| v. § | | 170th JUDICIAL DISTRICT |
| § | | |
| NEW PRIME, INC. § | | |
| and IMANI WEBSTER, § | | |
|     Defendants. § | | MCLENNAN COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW NEW PRIME, INC. and IMANI WEBSTER ("Defendants") and files this Original Answer to Plaintiff's Original Petition in the above-styled and numbered case, and would respectfully show unto the Court the following:

## GENERAL DENIAL

1. As is authorized by Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

2. Defendants plead they are entitled to submission and consideration of Plaintiff's recovery of medical or health expenses incurred, and that said damages awarded by the jury should be limited to the amount actually paid or incurred by on behalf of Plaintiff in accordance with C.P.R.C. Section 41.0105 [Evidence Relating to Amount of Economic Damages].

3. Defendants affirmatively plead that Plaintiff's recovery of alleged damages are barred to the extent they were caused or contributed to by Plaintiff's failure to make reasonable efforts to mitigate the same.

4.      Defendants further assert application of Texas Civil Practice & Remedies Code Section 18.091, requiring evidence related to loss of earnings, loss of earning capacity, and loss contribution of a pecuniary value, or loss of inheritance, to be presented in the form of a *net loss* after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.  Defendants further request that the Court instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff is subject to federal or state income taxes.

5.      Defendants asserts their rights and remedies pursuant to Chapter 41 of the TEX. CIV. PRAC. & REM. CODE and the applicable limitation on the amount of exemplary or punitive damages awarded to Plaintiff, if at all, by the jury in this matter.  In addition, but not limited by, Defendants would further assert that all claims for punitive damages be established by culpable acts or omissions and proximate causation as provided in Section 41.003 and 41.001; found unanimously by the jury as to liability and the amount of punitive damages pursuant to 41.003(d); be limited on recovery and prejudgment interest as addressed in 41.007.

6.      Further, Defendant asserts that an award of exemplary damages would be improper because it would be grossly excessive or arbitrary and would violate the Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19.

7.      Pleading further, Defendant asserts that an award of exemplary damages would be improper because: (1) any such award would be too great when compared with the degree of reprehensibility of Defendant's alleged misconduct; (2) the disparity between any such award and the harm allegedly suffered by Plaintiff would be too great; and (3) the difference between any such award and any civil penalties, whether authorized or imposed, would be too great.

**DEFENDANTS' ORIGINAL ANSWER - Page 2**

8.   Defendants plead further that an award of exemplary damages would be improper because it would be a windfall that exceeds Plaintiff's right to a remedy for Plaintiff's injury by due course of law, as set forth in Texas Constitution Article I, Section 13.

9.   Additionally, an award of exemplary damages would be improper because it would be wholly or partly compensatory and would constitute a double recovery by Plaintiff for the same alleged damages.

10.  An award of exemplary damages would be improper because it would violate the proscription against excessive fines in the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 13.

11.  An award of exemplary damages would be improper if based upon the "preponderance of evidence" standard of proof. Due process requires that exemplary damages be proved beyond a reasonable doubt, or in the alternative, by clear and convincing evidence. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003.

12.  An award of exemplary damages would be improper without procedural safeguards greater than those afforded by the Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code because exemplary damages are quasi-criminal in nature, and Defendants are entitled to all those protections and safeguards guaranteed by the Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution.

13.  Defendants would show that Texas law places a limitation or "cap" on the exemplary damages or statutory damages which Plaintiff seeks. Plaintiff's claims for punitive damages are limited to: (1)(a) two times the amount of economic damages, plus (b) an amount equal to any non-economic damages, not to exceed $750,000; or (2) $200,000, whichever is greater. TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b).

14.     Defendants would also show this Court that even if Plaintiff is entitled to an award of exemplary damages, which Defendants deny, any such award must be limited to a single-digit multiplier of actual or compensatory damages in order to comport with the requirements of the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and Texas Constitution Article I, Sections 3, 13 and 19.

15.     An award of exemplary damages in excess of a fraction of Defendant's net worth would be improper because it would violate Defendant's right of due process as set forth in the Fourteenth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, the Eighth Amendment of the U.S. Constitution and Texas Constitution Article I, Section 19, and Chapter 41 of the TEX. CIV. PRAC. & REM. CODE.

## PRAYER

**WHEREFORE,** Defendants pray for a take nothing judgment, for all costs and for such other and further relief, general or special, at law or in equity, to which Defendants may be entitled.

Respectfully Submitted,

**GAUNTT, KOEN, BINNEY & KIDD, L.L.P.**

　　　　　*/s/ Robert J. Collins*
**KARL W. KOEN**
State Bar No.:  11652275
*Karl.Koen@gkbklaw.com*

**ROBERT J. COLLINS**
State Bar No.:  24031970
*Robert.Collins@gkbklaw.com*

14643 Dallas Pkwy., Suite 500
Dallas, Texas  75254
(972) 630-4620
(972) 630-4669 - Fax

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was forwarded to all of record pursuant to the Texas Rules of Civil Procedure, as indicated below, on this the 26th day of March, 2021.

**Via ProDoc**
David L. Jones
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78269

                                              */s/ Robert J. Collins*
                                             **ROBERT J. COLLINS**